## Henry Delawder v. Cordy Jones.

1. TECHNICAL RULES—*Of Law, Not Allowed to Work Injustice.*— In this case the court has no inclination to allow a technical rule of law to work an injustice, such as has been attempted by this law suit, and for that reason the judgment will be affirmed.

Trover.—Error to the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

D. D. DONAHUE, attorney for plaintiff in error.

WELTY & STERLING, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an action in trover brought by Delawder against Jones to recover for the conversion of three cows, eight hogs and some corn fodder, all worth $160.

Delawder was a tenant farmer, living with his wife and nine children on a rented farm in McLean county, in December, 1899. On the eleventh of that month, his wife, after a lingering illness, died. The oldest of the children was a girl nineteen years old and the youngest was a year old. The next day after his wife died, he called his daughter to him, told her that he was going to Virginia and directed her to sell the property and pay his debts with the proceeds. Two of the children were sick with fever and five were quite small. Delawder left for Virginia within a day or so and did not return to Illinois for six months. The daughter set about at once to dispose of the property as directed by her father and to procure homes for the other children. She called to her aid, an aunt, Mrs. William May, who had for four weeks been nursing and caring for her mother. At their instance, four of the children were by the county judge committed to the Industrial Home. The youngest was taken by Mrs. May, and the daughter, with the two children next in age to her, procured temporary

homes with Mrs. May. The daughter told Mrs. May's husband of her father's directions concerning the property and called upon him to assist her in disposing of it. He consented. He found that all the property except the fodder (worth about $10) was covered by a chattel mortgage. He induced the mortgagee to discount his claim by giving his personal note to him and then offered the property for sale. Jones, the defendant, purchased it for $160, its fair market value, and May applied the proceeds to the payment of Delawder's debts. There is no merit whatever in Delawder's suit on the facts. He contends that he never appointed his daughter as his agent to sell his property and pay his debts, and that if he did so appoint her, it was a personal trust and confidence reposed in her, which could not be delegated by her to May. Notwithstanding his contradiction, we are fully satisfied that he did make her his agent and that she told the truth when she testified that when he started to Virginia, he said:

" You have everything in your hands—the children and everything. Sell the things and pay the debts, and by the time you have them paid, I don't think you will have a spoon left to eat with."

He calls to his aid the familiar rule of law that where one reposes in another a trust and confidence by making him an agent to sell his property and pay his debts a power is conferred which can not be delegated. An application of that rule to the facts and circumstances of this case would accomplish a defeat of justice. Plaintiff practically deserted his nine motherless children, one of them a helpless babe, two of them sick and three others so small as to require constant attention.

He left them in care of a nineteen-year-old daughter with directions to dispose of the meager amount of property left (worth less than $200, the most of which was mortgaged) as best she could. Because of her inexperience in business affairs, she co-operated with her uncle, and through them the property was disposed of on the very best terms and every dollar of the proceeds applied as Delawder had

directed.   This court has no inclination to allow a technical rule of law to work an injustice, such as has been attempted by this lawsuit; and for that reason the judgment will be affirmed.